**UNITED STATES of America**

v.

**LIN, Hung Shun and Gao, Qiu, Defendants.**

Cr. No. 94–220.

United States District Court, District of Columbia.

March 29, 1995.

H. Heather Shaner; Penny Marshall, Federal Public Defender for the District of Columbia; and Cynthia Maria Wimer Lobo, Kiersh & Lobo, Washington, DC, for defendants.

Brenda Jene Johnson, U.S. Attorney's Office, Washington, DC, for the U.S.

### MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

This matter comes before the Court on defendant's motion to dismiss counts one, two, three, and four of the indictment. Defendants have been charged in counts one and two with Hostage Taking under 18 U.S.C. § 1203. Defendants have been charged in counts three and four with using or carrying a firearm during a crime of violence under 18 U.S.C. § 924(c)(1). Counts two and three specify that the crime of violence is Hostage Taking, 18 U.S.C. § 1203. Defendants argue that the government has mischarged the defendants, because 18 U.S.C. § 1203 does not apply to the actions of which they are accused. Defendants further argue that counts three and four should be dismissed because the crime of violence cited in those counts is 18 U.S.C. § 1203. For the following reasons, defendants' motion is denied.

*Analysis*

The pertinent parts of 18 U.S.C. § 1203 read as follows:

(a) Except as provided in subsection (b) of this section, whoever, whether inside or outside the United States, seizes or detains and threatens to kill, injure or continue to detain another person in order to compel a third person or a governmental organization to do or abstain from doing any act as an explicit or implicit condition for the release of the person detained, or attempts to do so, shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

(b)(2) It is not an offense under this section if the conduct required for the offense occurred inside the United States, each alleged offender and each person seized or detained are nationals of the United States, and each alleged offender is found in the United States, unless the governmental organization sought to be compelled is the Government of the United States.

(c) As used in this section, the term "national of the United States" has the meaning given such term in ... the Immigration and Nationality Act. 8 U.S.C. § 101(a)(22).

Defendants, who are not nationals of the United States, argue that 18 U.S.C. § 1203 does not apply to the actions they are charged with. They are accused of kidnapping other persons, who are not U.S. nationals, in Washington, DC, obtaining ransom money from third parties, and then releasing the hostages in Washington, DC. Defendants rely on the Fifth Circuit opinion in *United States v. Carrion–Caliz,* in which the Court stated:

[b]ecause it deals with international acts of kidnapping or hostage taking, the Hostage Taking Act applies only to acts of kidnapping or hostage taking which have some international aspect or involve the United States government. If the act of kidnapping or hostage taking at issue does not involve the United States government, *and has no international aspect,* then the Hostage Taking Act does not apply.

944 F.2d 220, 224 (5th Cir.1991) (emphasis added). Defendants argue that this is a "normal prototypical, kidnapping," which lacks the necessary "international aspect" to bring it under 18 U.S.C. § 1203.

The Court finds that the alleged actions of the defendants fall squarely within the plain language of 18 U.S.C. § 1203(a) and (b)(2). Hostage taking inside the United States does not fit under 18 U.S.C. § 1203 if "each alleged offender and each person seized or detained are nationals of the United States, and each alleged offender is found in the United States." § 1203(b)(2). Conversely, this exception does not apply when either the alleged offender(s) or the detained are *not* nationals of the United States. Because the defendants are accused of detaining others for ransom inside the United States, *and* they are not United States nationals, the

government has properly charged the defendants. Since the plain language of the statute is clear, the Court need not resort to examining the legislative history. *See Eagle–Picher Industries v. United States E.P.A.*, 759 F.2d 922, 929 n. 11 (D.C.Cir. 1985).

Not only is the plain language of the statute clear, but the language of *Carrion–Caliz* on which defendants rely is *dictum.* In that case, the Court's holding dealt with the proper definition of "seize or detain" under the Hostage Taking Act. 944 F.2d at 225–26. The Court believes that a full reading of *Carrion–Caliz* eliminates any apparent ambiguity between that opinion and the plain language of the statute. Immediately after the portion of the opinion in which the Court refers to the need for an "international aspect" in 18 U.S.C. § 1203, it sets forth the language of § 1203(b)(1) and (2). It appears, therefore, that the Court was simply making clear that any hostage taking that fell within the plain language of 18 U.S.C. § 1203 had *some* international aspect. For example, § 1203(b)(1) concerns hostage takings outside the United States. Under § 1203(b)(2) hostage taking that occurred in the United States, that concerned *only* United States nationals, and in which the detainees were recovered in the United States, lacked the sufficient "international aspect" to fall under 18 U.S.C. § 1203. Conversely, if an offender or a detainee were not a United States national, or a detainee were recovered outside the United States, there would be an "international aspect."

Because the Court finds the allegations set forth in counts one and two to fit within the plain language of 18 U.S.C. § 1203, defendants' motion is denied. An appropriate order follows.

### ORDER

It is hereby **ORDERED** that defendants' motion to dismiss counts one, two, three, and four of the indictment is **DENIED.**